UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

CARY TATMAN,                          )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )    CAUSE NO.: 3:11-CV-69 TLS
                                      )
DEREK BUAME, *et al.*,                )
                                      )
    Defendants.                       )

## OPINION AND ORDER

Plaintiff Cary Tatman, who is proceeding pro se in this action, filed a Prisoner Complaint [ECF No. 1] pursuant to 42 U.S.C. § 1983 in the Miami Circuit Court while he was a prisoner confined at the Miami Correctional Facility (MCF). The Defendants are MCF officials Derek Buame, Screening Officer Henry, Hearing Officer Webb, Barbara Gibbs, Superintendent Mark Sevier, Noe Marandet, Claire Barnes, and Kelie Frazier. In the Complaint, the Plaintiff asserted only federal law claims, and the Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

## SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint against governmental entities or officials and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir.

2006). Under Rule 12(b)(6), a court construes a complaint in the light most favorable to the plaintiff, accepts well-pleaded facts as true, and draws all inferences in the plaintiff's favor. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). However, a court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Supreme Court has articulated the following standard regarding the factual allegations that are required to survive dismissal for failure to state a claim:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted).  A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.* A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). Additionally, a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S.89, 94 (2007) (quotation marks and citations omitted).

## COMPLAINT ALLEGATIONS AND UNDERLYING INCIDENT

According to an Indiana Department of Correction (IDOC) Report attached to the Complaint, the Plaintiff threatened to commit suicide after he was caught in another offender's cell at the MCF. He was evaluated by mental health personnel who concluded that he was not genuinely suicidal but made the statement in an effort to avoid potential consequences for pending disciplinary action related to being found in another offender's cell. Restitution of $100 was requested based upon the costs associated with providing a mental health evaluation. The reporting employee, Dr. Buame, a psychologist, charged the Plaintiff with "Threatening & Intimidation." (ECF No. 1 at 9.) According to the IDOC Notice of Disciplinary Hearing (Screening Report) and the IDOC Report of Disciplinary Hearing, which were attached to the Complaint, the Plaintiff pled guilty to the offense. The sanctions imposed by Hearing Officer Webb included a written reprimand, fifteen days segregation (suspended), loss of certain

privileges for one month, and restitution of $100.00. (ECF No. 1 at 11.) The Report of Disciplinary Hearing gave the following reasons for the sanctions imposed: seriousness; frequency/nature; and likelihood of sanction having a corrective effect on offender's future behavior.

In his Complaint, the Plaintiff alleges that the Defendants violated rights protected by the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. He asserts he was "denied rights to a fair trial" during a prison disciplinary proceeding against him. (ECF No. 1 at 5–6.) He also alleges that Executive Assistant Claire Barnes violated his federally protected rights by denying the grievance he submitted regarding the disciplinary proceedings. The Plaintiff seeks "[r]eimbursement of lost funds associated with this case such as remittance slips in regards to the postage, copies, courts[,] etc." (ECF No. 1 at 7.)

## DISCUSSION

The Plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States and show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims That the Defendants Violated the Plaintiff's Due Process Rights in a Disciplinary Proceeding

The Plaintiff alleges that the Defendants violated rights protected by the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. In addressing a claim brought

under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the defendants' actions. *Graham v. Conner*, 490 U.S. 386, 394 (1989); *Baker v. McCollan*, 443 U.S. 137, 140 (1979). The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The Sixth Amendment protects the rights of the accused in criminal prosecutions, but this protection does not apply to prison disciplinary hearings. *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994) ("[A] prison disciplinary proceeding is not a criminal prosecution. Prisoners in this context do not possess Sixth Amendment rights to confront and cross-examine witnesses.") (citing *Wolff v. McDonnell*, 418 U.S. 539, 568 (1974)); *cf. Wolff*, 418 U.S. at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.") The Fourteenth Amendment protects against states depriving persons "of life, liberty, or property, without due process of law," and the rights of state prisoners to due process in prison disciplinary hearings arise under the Due Process Clause of the Fourteenth Amendment. *Id.* at 556–57.

> The Seventh Circuit has observed:
>
> Not every prison disciplinary proceeding is capable of giving rise to a later cause under 42 U.S.C. § 1983. As the Supreme Court held in *Sandin*[ *v. Conner*, 515 U.S. 472 (1995)], if the prisoner wants to assert that a disciplinary proceeding violated his due process rights, he must first show that he is asserting a deprivation of life, liberty, or property. The Court specifically rejected the proposition that "any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause even in the absence of any state regulation."

*Wilson-El v. Finnan*, 544 F.3d 762, 764 (7th Cir. 2008) (quoting *Sandin*, 515 U.S. at 484). Although states may create liberty interests that are protected by the Due Process Clause, these interests "will be generally limited to freedom from restraint which, while not exceeding the

5

sentences in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. In *Sandin*, the Supreme Court found that transferring a prisoner from the general population to disciplinary segregation for thirty days did not implicate the Fourteenth Amendment of its own force, "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," and was "within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485–86. Likewise in this case, with the exception of restitution, the sanctions that Defendant Webb imposed on the Plaintiff do not implicate the Due Process Clause. *See Wilson-El*, 544 F.3d at 765 ("[T]here are many prison disciplinary proceedings that do not involve constitutionally protected interests. Prisoners dissatisfied with the outcome of those proceedings have only the remedies provided by the prison system and, if available, the state courts.").

The hearing officer imposed a sanction of $100.00 restitution on the Plaintiff. Prisoners have a constitutionally protected property interest in funds deposited in their prison trust accounts. *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). The Seventh Circuit has observed that "[i]t is truly too much to require correctional officials to seek a criminal restitution order or a civil tort judgment before they may restrict an inmate's use of his commissary account until he makes good the damage he has caused to prison property," *id.* at 224, and restitution sanctions that are authorized by state statute may be imposed as long as the underlying disciplinary proceedings conform to the minimum requirements of procedural due process, *id.* at 222–24. Even though the Plaintiff admitted guilt, the Court, taking the allegations of the Complaint as true, will permit the Plaintiff to proceed on his claim that Defendant Webb

6

imposed restitution on him without due process, which raises questions regarding the statutory authority for the restitution order, proof regarding the Plaintiff's actions causing monetary damage and the amount of restitution, and the procedure afforded the Plaintiff.

The Plaintiff also names as Defendants in this claim MCF Superintendent Mark Sevier, psychologist Buame, the author of the conduct report, Screening Officer Henry, and Barbara Gibbs, Noe Marandet, and Kelie Frazier, who apparently participated in the incident that led to the Plaintiff being written up. However, no allegation in the Complaint suggests that any of these Defendants participated in the decision to impose restitution on the Plaintiff. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (observing that "individual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation'") (quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). Accordingly, the Plaintiff may not maintain this due process claim against these Defendants.

### B.      Claim That Defendant Claire Barnes Mishandled the Plaintiff's Grievance

The Plaintiff sues MCF grievance official specialist Claire Barnes asserting that she denied the grievance he filed regarding his disciplinary action. However, a prisoner has no due process rights with respect to the prison grievance procedures, and that a grievance official ignores, mishandles, or denies a prisoner's grievance does not state a claim under § 1983:

> Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.

*Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *George v. Smith*, 507 F.3d. 605, 609 (7th

Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.") (citations omitted). Accordingly, the Plaintiff states no claim upon which relief can be granted against Defendant Barnes.

## CONCLUSION

For the foregoing reasons, the Court:

(1)  **GRANTS** the Plaintiff leave to proceed against Defendant Webb in his individual capacity for damages on the Plaintiff's Fourteenth Amendment due process claim that he imposed a sanction of $100.00 restitution on the Plaintiff without due process;

(2)  **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b), all other claims and Defendants; and

(3)  Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that Defendant Webb respond to the Complaint as provided for in the Federal Rules of Civil Procedure.

SO ORDERED on July 20, 2011.

> s/ Theresa L. Springmann
> THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT
> FORT WAYNE DIVISION